# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER ENGLAND, | Case No.: 3:23-cv-00447-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 4, 6 |
| CHRISTIAN HOYT, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 6) and an amended pro se civil rights complaint (ECF No. 4).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's amended complaint names Reno Police Department Officer Christian Hoyt, the City of Reno, and the Reno Police Department, and asserts violations of the First and Fourteenth Amendments as well as 18 U.S.C. § 242. The complaint alleges that "the officer" violated his rights on August 22, while sitting in a City of Reno patrol vehicle and advised that he was engaged in a "private" call and to step away from his vehicle. Then, within seconds, Plaintiff was arrested and taken to the Washoe County Jail.

First, with respect to Officer Christian Hoyt, Plaintiff does not include sufficient factual allegations to state a claim. Initially, Plaintiff includes no allegations that implicate the First Amendment. To the extent Plaintiff seeks to assert a Fourth Amendment claim, he has not

3

indicated how the officer violated his rights under the Fourth Amendment or included sufficient facts to state a claim under the Fourth Amendment.

Second, the Reno Police Department is not a proper defendant. A public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995). Applying Federal Rule of Civil Procedure 17(b)[1], the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See e.g. Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

In Nevada, each county (or incorporated city or town within the county) is a political subdivision of the state and an independent legal entity, which means it can sue or be sued. *See Clark County v. Lewis*, 88 Nev. 254, 498 P.2d 363, 365 (Nev. 1972); Nevada Revised Statute (NRS) 280.080; NRS 41.0305. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996).

While the City of Reno may be a proper defendant, Plaintiff has not included sufficient allegations to state a claim for relief against the City of Reno. Municipalities may be only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer.

---

[1] Rule 17(b) states that capacity to sue or be sued (other than for an individual or corporation) is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3).

*Id.* at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id.* (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

For these reasons, Plaintiff's amended complaint will be dismissed, but Plaintiff will be given another opportunity to attempt to state a claim for relief.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 6) is **GRANTED**.

(2) The Amended Complaint (ECF No. 4) is **DISMISSED WITH LEAVE TO AMEND**.

(3) Plaintiff has **30 DAYS** from the date of this Order to file a second amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "SECOND AMENDED COMPLAINT."

If Plaintiff fails to file a second amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: January 9, 2024

_____
Craig S. Denney
United States Magistrate Judge