**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WALTER ENGLAND,<br><br>    Plaintiff<br><br>v.<br><br>CHRISTIAN HOYT, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00447-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action without prejudice.

## I. BACKGROUND

Plaintiff filed an application to proceed *in forma pauperis* (IFP) and an amended complaint. (ECF Nos. 4, 6.) The amended complaint names Reno Police Department Officer Christian Hoyt, the City of Reno, and the Reno Police Department, and asserts violations of the First and Fourteenth Amendments as well as 18 U.S.C. § 242. The complaint alleges that "the officer" violated his rights on August 22, while sitting in a City of Reno patrol vehicle and advised that he was engaged in a "private" call and to step away from his vehicle. Then, within seconds, Plaintiff was arrested and taken to the Washoe County Jail. (ECF No. 4.)

On January 9, 2024, the court issued an order granting the IFP application, but the court dismissed the amended complaint with leave to amend. (ECF No. 7.) The court found that with respect to Officer Christian Hoyt, Plaintiff does not include sufficient factual allegations to state

a claim. Initially, Plaintiff includes no allegations that implicate the First Amendment. To the extent Plaintiff seeks to assert a Fourth Amendment claim, he has not indicated how the officer violated his rights under the Fourth Amendment or included sufficient facts to state a claim under the Fourth Amendment.

The Reno Police Department was not a proper defendant, and while the City of Reno might be a proper defendant, Plaintiff did not include sufficient allegations to state a claim for relief against the City of Reno.

Plaintiff was given 30 days to file a second amended complaint. He was advised that if he failed to timely do so, this action may be dismissed.

That order was returned as undeliverable, and to date Plaintiff has neither filed an updated address nor filed a second amended complaint.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

A party must immediately file with the court written notification of any change of contact information, and failure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. LR IA 3-1.

Plaintiff has not updated his contact information with the court. Nor has he otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit and keep the court apprised of his contact information impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court or provide his updated contact information, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

///

///

///

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**, and **DENY** the pending motion for media approval by third party Jacob Steven Peck (ECF No. 3) as **MOOT**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 13, 2024

_____
Craig S. Denney
United States Magistrate Judge